under advisement. And we'll move to our second case this morning. Dale Peshek v. Karen Timberlake, although I think we've had a change in caption while the appeal has been pending. It should be Brian Threlkeld v. Kirsten Johnson as the current Secretary of Health Services. Ms. Nicholas, welcome back. He's a little afraid of you. Morning again. I may please the court. The Supreme Court explained in Sprint Communications, Inc. v. Jacob, that in the main, federal courts are obligated to decide cases that fall within the scope of federal jurisdiction. Younger abstention is a narrow exception to that general rule that only applies in three exceptional circumstances. One, where a federal plaintiff is seeking to enjoin an ongoing state criminal prosecution. Two, where the federal plaintiff is seeking to interfere in ongoing civil proceedings that are akin to a criminal prosecution. And three, where there are state civil proceedings that are uniquely implicating the state's judicial functions. None of those circumstances are present in this case. And therefore, the district court erred in applying the younger abstention doctrine to refrain from deciding the constitutionality of the housing rules that apply to individuals who've been released from civil commitment onto supervised release. We've already held that younger abstention applies to Chapter 980 proceedings. Yeah, so I'd like to talk about that case and how it arose in very different circumstances than the case you have in front of you today. So in the Sweeney v. Bartow case, the plaintiff came to court and said it was unconstitutional to proceed with seeking to civilly commit him because the law had changed and he thought it was ex post facto as to him. This court, I think, rightly held that those proceedings were underway in the state court. He had the opportunity to raise any constitutional issues with those proceedings, and it wasn't proper, as a matter of comedy, for the federal courts to interfere with or enjoin those proceedings. I think that is a straightforward and proper application of the younger abstention doctrine. This case is very different. I think it's important to think about what's actually happening in state court at this time. Mr. Threkeld's commitment proceedings terminated in 2009. He was committed 15 years ago. There are also no supervised release proceedings ongoing at this time. The state has stipulated that Mr. Threkeld meets the criteria for supervised release. So what is actually happening in state court? Once every 30 days, the DHS and the Kenosha Commission is coming back to court to report to the judge that they're not able to comply with his order that identify housing for Mr. Threkeld. And what is the state court doing? He's repeatedly ordering the state to find housing for him. So, Ms. Nicholas, is the argument that the supervised release component of the Chapter 980 statute differs so markedly from the civil commitment portion that that affects the abstention analysis? I think we can even state it more narrowly than that, Your Honor, which is that there is no ongoing proceeding in which we are asking this to interfere. The proceedings are over. The supervised release proceeding is not ongoing. All that is happening is they are coming back to court to find out whether they can comply with finding Mr. Threkeld housing. Actually, there is an ongoing Chapter 980 case in Kenosha County, and there was activity in that case as recently as a week or two ago in connection with the CCAP reflects. Yes, I can't go behind that and see what's actually going on, but there are reports being filed. There's an active monitoring of his supervised release status as well as a discharge petition. And this litigation in federal court seeks to his supervised release and release him immediately. How is that not an interference with the Chapter 980 proceeding that's ongoing? So, I want to address exactly what is happening in the state court, which is Mr. Threkeld's discharge petition was denied, and all that is being filed now is just paperwork memorializing that. The most recent action that's happening in state court is that Mr. Threkeld's public defender is asking for a motion to compel the state, the DHS, and the County Commission to find housing for Mr. Threkeld because he remains now four years later eligible for supervised release as soon as housing is identified. And DHS, because of these housing rules that were challenging in this case, simply is not able to comply with the judge's order. So, the Younger Abstention Doctrine is concerned with federal interference in state proceedings. We are not asking for any interference. In fact, if the Younger Abstention Doctrine were enjoined, the state and the DHS would finally be able to comply with the judge's orders. Even the representatives of the county have come to court and said, there is a fundamental flaw in this law. These restrictions are not possible to comply with. So, what ends up happening, I think, is notable because it happened to two of the other plaintiffs in this case, Mr. Tran and Mr. Pesek, which is, individuals are granted supervised release on the idea that they should have some period of supervised reintegration into the community after having been civilly committed. The state then spends years trying in vain to identify housing at which the person can reside while on supervised release. And eventually, four years later, after the person has stayed in custody for an additional four years without any ability to get any new treatment or make any progress, everyone gives up and the person is discharged. When they are discharged, Mr. Pesek was homeless. He registered as homeless. He had no period of supervised reintegration. Mr. Tran, no period of supervised reintegration. So, we can perhaps agree that this is a really bad policy outcome and it's a really bad practical outcome, but regarding the Younger Abstention issue, there is an ongoing Chapter 980 proceeding. It is open and the litigation over his housing options continues as well as the other reporting requirements that the state has and monitoring requirements that the state has for any Chapter 980 committee, as Mr. Threlkeld is here. His attorney in that proceeding can raise the same constitutional arguments that you're raising here at any time, objecting to the housing rules in the same manner that you're objecting to them here in this federal litigation. So, there's a complete and meaningful opportunity to challenge the constitutionality of the housing regulations, the 1,500 foot requirement as applied to offenders who must return to a home county that's populous, as Kenosha County is, as opposed to Vilas County, which is not. And so, there is an argument of a constitutional nature to be raised here. That's what you're arguing in this litigation. That's a claim that can be made in the context of the Chapter 980 proceeding and addressed to the state judge. Unfortunately, Your Honor, that's not quite right, because the state courts have held that you are barred from challenging the constitutionality of these housing rules unless you raise them at the time of your initial commitment proceedings. Now, Mr. Threlkeld was committed 15 years ago. Let me give you a hypothetical. Suppose there are two individuals that are authorized for supervised release, and hypothetically, the state court judge says, we're going to release you because you're black. The second individual is not going to be released because he's white. You're saying you cannot argue that there's an equal protection violation? If determinations about placement on supervised release are flagrantly unconstitutional, you can't raise that in state court? Well, I don't know what the state court would do with that claim, of course. No, your point earlier was that state law required you to lodge your objections kind of ex-ante up front. But an individual like this, in a crazy hypothetical like I just gave you, would say, well, I couldn't raise my objections in the past because I didn't know I was going to be racially discriminated against. And Mr. Peterson in the Wisconsin Public Defender's Office, who's represented all of the plaintiffs in this case, furiously makes that argument every time this happens to one of his clients. And he's given the same answer, which is that you are procedurally barred from raising those constitutional questions now. Can't you appeal that, though, and say, whether you're talking about equal protection or due process, can't you appeal that up the chain in the Wisconsin courts and say, yes, we can. You're wrong about state law. And if we're foreclosed from vindicating a federal constitutional right, the state procedural bar rule is unconstitutional itself. My understanding is that those decisions have been upheld by the appellate courts. So really, there is no venue for raising these constitutional arguments in the state court. And I think that we said about narrowing this younger abstention doctrine in Sprint v. Jacobs, which is that the mere fact that you have something touching on the same subject matter in state court is not enough to apply the doctrine. How many of the six criteria need to apply? I'm specifically thinking commitment proceeding versus supervised release determination. I'm sorry. Sprint criteria, there's a series of criteria that would apply that would tailor the younger abstention. How many have to apply to a proceeding for it to qualify for abstention? I think what the court was concerned about in Sprint is whether there would be interference in the state proceedings. And here, there just isn't any interference. The judge has already ordered the state to identify housing. DHS is coming back and saying we can't because there is no housing that complies with all of these restrictions. But you still have some time. I want to move you to the 11th Amendment question. Is the court responsible for enforcing the residency requirement, or is the secretary? So, I mean, on some level, every law is ultimately enforced by judges, right? State's attorneys don't really enforce the laws. They just bring the prosecution, and then the judge ultimately decides whether you go to prison or not. And I think that that's exactly what's the problem with the defendant's argument here, which is that the secretary of the DHS is intimately involved in every aspect of enforcing these housing restrictions. For example, the secretary is only one of five people on that county board. The board could still function without the secretary's participation. And you see where I'm going with this because there's a real question, at least in my mind, as to whether or not the secretary is a proper defendant. So, I think that the ex parte young requirement, and as this court has stated it, isn't an extremely demanding one. It doesn't have to be a person who has sole responsibility for enforcing the statute. They just have to have a special relationship to it. What about the redressability prong of Article 3 standing? What exact relief would you be asking the federal district court to enter? An injunction prohibiting DHS from enforcing these particular residency requirements. But DHS isn't the enforcement authority. The attorney general is. DHS is the custodian. I think the DHS has three important aspects of control over this statute. One, they are responsible for obtaining and paying for the housing of the person who is being released on supervised release, and they maintain custody of that person. Two, they are a required member of every committee that is charged with responsibility for identifying the housing. And three, they are responsible for preparing the supervised release plan for the judge's approval. So, there's no other state official, or any other official for that matter, that has that proper nexus to enforcement of this law like the DHS does. DHS is the custodian. When a prisoner coming off of a sex offense sentence is committed under Chapter 980, he or she is committed to the custody of the Secretary of the Department of Health Services. And DHS also administers the statute and participates in the programming and placement decisions for the offender, but it's not the enforcement authority. That's the attorney general, and the assistant attorneys general appear in these cases for the state. Isn't that the right defendant to get to Judge Brennan's question? I think under Ex parte Young, you just have to identify a person who has that special relationship to enforcement of the statute, and here DHS does, because they are ultimately responsible for obtaining and paying for the housing for anyone on supervised release. So, I see I'm almost out of time, so I'll reserve my remainder. Thank you. Is it Keekever? Good morning. May it please the court. I'm Wisconsin Assistant Attorney General Carla Keekever, and I'm appearing on behalf of Kristen Johnson, who is the current Secretary-designee of the Wisconsin Department of Health Services. And before you jump in, let's just talk about who the right defendant is. If not your client, the Secretary, which is what you're arguing, that there's 11th Amendment immunity, would it be the attorney general? I do not think it would be the attorney general, because the attorney general does not have enforcement authority over these particular statutes. But who appears for the state in Chapter 980 proceeding? Sometimes it's assistant attorney general, sometimes it's special counsel. It's not always the... It's the special counsel appointed by whom and operating under whose authority. Perhaps it's the attorney general, but... It's the attorney general. Okay, fair. You've got two former states. At any rate, the attorney general is not... They prosecute these cases, but they're not responsible for enforcement of the challenge part of the statute, which is those provisions relating to housing. Those are the responsibility of the counties. The counties are responsible for locating housing, and they're also responsible... It's not the enforcement authority. The county has a role under the statute to identify housing, but it's not the enforcement authority. The enforcement authority is the attorney general. Well, I would argue that the court has the enforcement authority, and maybe that's the case in all cases. But the court, especially in this case, once the county identifies housing, the court then orders the department to put the housing option in the placement plan. And the discretion about whether to do that or not. And then the court assigns the various roles that the county is supposed to do, and the department is supposed to do, and ultimately decides in its discretion whether to grant or deny supervised release. So I would disagree with my opponent that the case is not ongoing. The supervised release is ongoing today, and it has been ongoing. The 980 proceeding has been ongoing since the commitment proceedings. It's all one proceeding. Is that what the Wisconsin Supreme Court said in Alger, though? Yes. That it was all one proceeding or that it should be looked at in its various components? It said that... Because Ms. Nicholas points out, I think it's 2009, the commitment? The commitment of Alger said that supervised release proceeding is part and parcel of the initial Chapter 980 proceeding, so that the petition does not start a new proceeding. And if you look at the Chapter 980 proceedings, the court has an ongoing obligation to supervise that proceeding, including periodic reexaminations to make sure that the offender still meets the criteria to be a sexually violent offender and to be committed. So there's ongoing obligations on the part of the court. It's all one proceeding, same judge, same prosecutor, same defense attorney. The proceeding does not stop and start just because there's a supervised release proceeding. And I disagree with Ms. Nichols that there is no supervised release proceeding or no ongoing proceeding at this time. That proceeding is happening right now, and while the court found that the offender meets the initial factors for supervised release, the court has not granted supervised release and cannot grant supervised release until housing is located by the county and the next steps in the process are met. Can Mr. Threlkeld raise his constitutional claims in the Chapter 980 proceeding in Kenosha County? That is not in the record, and I'm not familiar with that. Legal question. It's... Oh, can he? I'm sorry, I thought you were stating that he did. Can he? Absolutely. He can to the Wisconsin Supreme Courts and then seek habeas review potentially. And the Assistant Attorney General is not going to say those claims are procedurally barred because you didn't raise them at the time. I don't think there's any authority for that. I don't know why. I mean, as Your Honor pointed out, there would be certain claims that you would not know about at the initial commitment proceedings. So, you know, there are several cases that are good examples. They're in the brief on page 20. The in re-commitment of West was the offender raised due process and equal protection challenges to the supervised release statute and appealed them all the way to the Supreme Court. Same with the Shulfius case where the offender raised due process and equal protection challenges and appealed them. So there's cases that show that offenders can and do raise these claims right in their Chapter 980 proceedings. There's no appellate decision saying those claims are procedurally barred if not raised. Not that I know of. I think opposing counsel pointed out we raised one of the former plaintiffs Hung Tran. The Wisconsin Court of Appeals stated that he could have raised, you know, knowledge that he could have raised constitutional claims in his 980 case. But then because he did not raise them below, the court declined to hear them for the first time on appeal. So seemingly they used that case to show that he would have had to have raised them at the commitment phase, but that's not accurate. He just didn't raise them at all below. So long as the case is ongoing and he has the ability to raise those claims, the younger abstention applies. Yeah, I mean, and to the extent that the state court were to do something unexpected and say that it's barred by state procedural default rules, he could certainly argue they're unconstitutional as applied to him. Because it's truly a trapping effect at that point in time. Right? In other words, he has no way of vindicating, literally no way of vindicating a substantive right under the U.S. Constitution. You'd say that's unconstitutional. I'm trapped here. So suppose, for example, we were having this exact same discussion 10 years from now. And Mr. Threlkeld had said, well, it was four years, it was four years in 2024, but now it's been 14 years and nobody will listen to me about being released. I've been determined appropriate for release. I can't. At some for not permitting the federal claim to go forward. I absolutely agree with that. And he could raise that claim in the Chapter 980 case. But it doesn't seem or anywhere near a point like that. In other words, there's no, there's nothing in the record that I can see where Mr. Threlkeld seems like he could do it this afternoon. Goes in with a petition to say my continued detention under this configuration of housing requirements is unconstitutional for this reason, that reason and some other reason. Are you saying that you don't think he could? No, he could. I agree. He could file that paper this afternoon. I agree. And if that is denied, he could appeal it through the state courts and then presumably seek habeas review in the federal court if he's unsuccessful in the state courts once he exhausts those remedies. The Chapter 980 courts are also in a better position to adjudicate the plaintiff's constitutional claims because they're familiar with the facts on the ground, including the county's efforts to locate housing and the housing in the particular area, and then whether there might be alternative remedies available that might expedite the placement. And the state courts should be allowed to continue that work and continue their work without federal court interference. The district court properly determined that younger abstention applied and this court should affirm that decision. What if we were applying the sprint criteria to just the supervised release component of Chapter 980? Wouldn't that be different than the civil commitment component of Chapter 980? I don't think so. So in my mind, there are two steps to the younger analysis. There are the sprint steps where you look at the type of proceeding and then there are the middle sex steps where you look at what's happening in that proceeding. And the Chapter 980 case fit neatly within the category of cases to which younger applies and that they're akin to a criminal prosecution. If we don't ultimately agree with you that it's one long proceeding and it might be two separate proceedings, isn't it going to markedly differ the supervised release hearing from the civil commitment process under those both sprint and middle sex criteria? If you were to look at the supervised release proceeding as a completely standalone separate proceeding, is that the question? I think it would still fit within the category of cases because itself is still brought by the state versus the federal plaintiff is the target of the Chapter 980 action. Just like sentencing is still part of the criminal prosecution, it still has the type of case where it's akin to a criminal prosecution. And so I think even if you think of them separately, it still has the flavor of a criminal case. Do you want to build out what flavor means? Well, meaning it's brought by the state, the offender is the target of the proceeding, and also Chapter 980 proceedings are uniquely the province of state courts. So even looking outside of younger abstention to some sort of broader abstention type doctrines, this is the type of case that states should be left to handle. Unless the court has questions about our alternative grounds for affirmance, I would just ask this court to affirm the district court's decision abstaining on younger. All right, thank you. Ms. Nicholas. Thank you. The Supreme Court has narrowed the circumstances under which younger abstention is appropriate. It's not enough to just say someone could bring a claim in state court. State court could look at this issue. In fact, the Supreme Court explicitly said, the pendency of an action in state court is no bar to proceedings concerning the same matter in a federal court having jurisdiction. So the question here is really whether there would be any interference with state proceedings. And these housing rules are not something that the state is deciding. They are just ordering the state or not something the state court is deciding. They're just ordering the state to comply with them. The state cannot do so because they are impossible to comply with. That is something that's within this court's jurisdiction to consider, and the district court's decision should be reversed. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement.